UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VENETIAN CLUB OF MUTUAL AID,
D/B/A CLUB VENETIAN,

        Plaintiff,

v.

PANORAMA PROPERTIES LLC,
A/K/A VENITIAN GRAND
BANQUET HALL,

        Defendant.

Case No:

Honorable:

Hon. Mag. Judge:

WARNER NORCROSS & JUDD LLP
Homayune A. Ghaussi (P63028)
Katherine L. Pullen (P74511)
2000 Town Center, Suite 2700
Southfield, MI  48075-1318
248-784-5000
hghaussi@wnj.com
kpullen@wnj.com
Attorneys for Plaintiff

## COMPLAINT AND JURY DEMAND

Plaintiff, Venetian Club of Mutual Aid, d/b/a Club Venetian, ("**Club Venetian**"), through its counsel, Warner Norcross & Judd LLP, states its Complaint against the Defendant Panorama Properties LLC, a/k/a Venetian Grand Banquet Hall ("**Venetian Grand**"), as follows:

## NATURE OF THE ACTION

1. This is an action for false designation of origin under the Lanham Act (15 U.S.C. § 1125(a)), violation of the Michigan Consumer Protection Act (MCL § 445.903), trademark infringement and unfair competition under the common law of Michigan, and violation of the Michigan Trademark and Service Marks Act (MCL 429.42).

## PARTIES

2. Club Venetian is a Michigan nonprofit corporation with its principal location at 29310 John R. Road, Madison Heights, MI 48071, Oakland County.

3. Venetian Grand is a Michigan limited liability company located at 42300 Van Dyke Ave, Sterling Heights, MI 48314, Macomb County.

## JURISDICTION AND VENUE

4. Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States) and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks). This Court has supplemental jurisdiction over the claims in this Complaint that arise under Michigan statutory and common law pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Venetian Grand because it is located and conducts business in this District.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Venetian Grand located and transacts business within this district and a substantial part of the events giving rise to the claims in this action occurred within this district.

## GENERAL ALLEGATIONS

7. Club Venetian was established in 1928 in Detroit, Michigan as the Society Venetia di Mutuo Soccorso, which is Italian for Venetian Society of Mutual Aid. In 1932, the Club Venetian became known as the Venetian Social Club di Mutuo Soccorso, or Venetian Social Club of Mutual Aid. In 1949, Club Venetian officially registered with the state as the Venetian Club of Mutual Aid.

8. In 1969, Club Venetian moved to Madison Heights, Michigan and began operating the Club Venetian Banquet and Conference Center, providing a premier venue, event planning and catering services for business and social events in Southeast Michigan.

9. Club Venetian first used the word mark "Club Venetian" in commerce on February 21, 1970 in connection with providing and renting banquet, social function, conference, exhibition and meeting facilities as well as providing catering, bar, and restaurant services (the "Club Venetian Mark"). For nearly 50

years, Club Venetian has owned and exclusively used the Club Venetian Mark.  On September 11, 2015, Club Venetian registered the Club Venetian Mark as a service mark with the State of Michigan Department of Licensing and Regulatory Affairs.  A copy of the certificate of registration is attached as **Exhibit A**.

10. The Club Venetian Mark has never been abandoned, and Club Venetian has extensively promoted and established considerable goodwill in the Club Venetian Mark.

11. Club Venetian has also exclusively and extensively used the Club Venetian Mark in commerce in connection with the marketing of its venue and services through print advertising, "word of mouth advertising," and through its website at www.clubvenitian.com.  Club Venetian's website advertises, among other things: "[C]lub Venetian Banquet Center has built a tradition of outstanding service and incredible food.  Beautiful wedding receptions, festive holiday parties, and exciting fundraising events are just a few of our specialties."

12. Club Venetian has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting its venue and services through use of the Club Venetian Mark.  As a result, the Club Venetian Mark has acquired distinctiveness and is widely recognized and exclusively associated by consumers, the public, and the trades as a Michigan event venue offering premier catering and event planning services.

13. Upon information and belief, Defendant Venetian Grand intends to open "Venetian Grand Banquet Hall" in the spring of 2016 just eleven miles away from Club Venetian. Upon information and belief, Venetian Grand intends to provide a similar venue and catering services as Club Venetian at the Venetian Grand Banquet Hall.

14. The Venetian Grand is currently engaged in advertising, promoting and offering an event venue and services in Macomb County under the name "Venetian Grand Banquet Hall," which is confusingly similar to the Club Venetian Mark. In particular, Venetian Grand advertises, promotes, and offers its services on its website www.venetiangrand.com, which includes its address and contact information and states, in part: "Venetian Grand Banquet Hall in Sterling Heights, MI. [sic] Offers [sic] elegant wedding receptions, Corporate [sic] events, and social events. From the most intimate gathering to the largest Extravaganza [sic], the Venetian Grand Banquet Hall offers the Community the most unique location for you to host a truly memorable event."

15. Venetian Grand has no license, authority, or other permission from Club Venetian to use the Venetian Club Mark or any mark confusingly similar thereto.

16. The Venetian Grand's unauthorized use in commerce of the confusingly similar trade name "Venetian Grand Banquet Hall" in connection with

5

its event venue and catering services has caused, and is likely to continue causing confusion and mistake and deceive consumers as to the origin of Venetian Grand's venue and services.

17.     Venetian Grand is well aware of the strength of the Club Venetian Mark.

18.     Upon information and belief, Venetian Grand's use of a confusingly similar trade name to the Club Venetian Mark has been with full knowledge, intent, and/or with reckless disregard or willful blindness to Club Venetian's rights for the purpose of trading on the goodwill and reputation of Club Venetian and the Club Venetian Mark.

19.     Venetian Grand's activities are likely to create a false impression and deceive consumers, the public, and the trade and have in fact created a false impression and deceived consumers, the public, and the trade into believing that there is a relationship, connection, or association between Club Venetian and Grand Venetian.

20.     By way of example, Club Venetian has received telephone calls from consumers who mistakenly believed that there was an affiliation, connection, or association between Club Venetian and Venetian Grand based on Venetian Grand's use of a trade name confusingly similar to the Club Venetian Mark.

21. As a direct result of defendants' actions, Club Venetian is suffering irreparable injury to its business reputation and damages and will continue to suffer such damages unless Venetian Grand is restricted by this Court from infringing on the Club Venetian Mark.

## COUNT I

## (FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION IN VIOLATION 15 U.S.C. § 1125(A))

22. Club Venetian incorporates by reference the allegations in all previous paragraphs.

23. Venetian Grand's use of the name "Venetian Grand Banquet Hall" constitutes false designation of origin or a false and misleading representation of fact in interstate commerce that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Venetian Grand with Club Venetian or will likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Venetian Grand's venue or services by Club Venetian.

24. Venetian Grand's conduct constitutes a false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

25. Upon information and belief, Venetian Grand's actions were done, and continue to be done, willfully. Venetian Grand knew or should have known of

the falsity of such designation of origin, descriptions, or representations and that its actions would cause confusion, mislead, and deceive consumers, the public, and the trade.

26. Upon information and belief, Venetian Grand has acted with knowledge of Club Venetian's ownership of the Club Venetian Mark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

27. Club Venetian has no adequate remedy at law. The conduct of Venetian Grand described above, has caused and, if not enjoined, will continue to cause irreparable harm to Club Venetian's rights in the Club Venetian Mark, and to the business, reputation and goodwill of Club Venetian.

28. Club Venetian is also suffering monetary damage in an amount not yet determined.

## COUNT II

### (MICHIGAN CONSUMER PROTECTION ACT)

29. Club Venetian incorporates by reference the allegations in all previous paragraphs.

30. Club Venetian owns the Club Venetian Mark, which is a legally protected trademark.

31. Venetian Grand, without authorization from Club Venetian, plans to use, has used, and is continuing to use a trade name confusingly similar to the Club Venetian Mark in commerce to advertise and/or promote Venetian Grand's services, and has engaged in other deceptive practices to mislead consumers, the public, and the trade regarding the relationship between Venetian Grand and Club Venetian.

32. The foregoing acts of Venetian Grand are likely to cause, were intended to cause, and have caused, confusion or misunderstanding as to the origin, source, sponsorship, approval or certification of Venetian Grand's Services in violation of MCL 445.903.

33. Upon information and belief, Venetian Grand has acted with knowledge of Club Venetian's ownership of the Club Venetian Mark and with deliberate intention or willful blindness to unfairly benefit from the goodwill symbolized thereby.

34. Venetian Grand knew or should have known that its actions would cause confusion among consumers, the public, and the trade as to the source, connection, affiliation, or association between Club Venetian and Venetian Grand.

35. Club Venetian has no adequate remedy at law. Venetian Grand's actions have caused and will continue to cause harm Club Venetian's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary

damages. Upon information and belief, Venetian Grand has made profits and gains to which it is not in law or equity entitled.

36. Upon information and belief, Venetian Grand intends to continue its infringing acts, unless restrained by this Court.

37. Venetian Grand's unauthorized use of mark(s) confusingly similar to the Club Venetian Mark has cause harm to Club Venetian's business reputation, injury to goodwill, loss of competitive advantage, and pecuniary damages. Upon information and belief, Venetian Grand has made profits and gains to which it is not in law or equity entitled.

## COUNT III

## (COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION)

38. Club Venetian incorporates by reference the allegations in all previous paragraphs.

39. The forgoing acts of the Venetian Grand constitute trademark infringement and unfair competition in violation of the common law of the State of Michigan.

40. Venetian Grand's conduct constitutes use of a false designation of origin or a false or misleading representation of fact that is likely to cause

confusion, mistake, or deception as to the source, origin, sponsorship, or approval by Club Venetian of Venetian Grand.

41. Venetian Grand's acts have caused harm to Club Venetian's business reputation, injury to its goodwill, loss of competitive advantage, and pecuniary damages. Upon information and belief, Venetian Grand has made profits and gains to which it is not in law or equity entitled.

42. Club Venetian has no adequate remedy at law.

43. Club Venetian is also suffering monetary damages in an amount not yet determined.

## COUNT IV
### (TRADEMARK INFRINGEMENT UNDER MCL § 429.42)

44. Club Venetian incorporates by reference the allegations in all previous paragraphs.

45. By engaging in the acts described above, Venetian Grand has used name(s) and mark(s) that are confusingly similar to the Club Venetian Mark that is registered with the State of Michigan to provide or advertise a venue, catering, and event planning services in interstate commerce.

46. The Club Venetian Mark is valid in that it is distinctive and Club Venetian has continuously used Club Venetian Mark in the market place since at least 1970 in connection a venue, catering, and event planning services.

47. Club Venetian has priority in the Club Venetian Mark in that it has continuously used the Club Venetian Mark in connection with its services before Venetian Grand began using names and marks confusingly similar thereto.

48. Venetian Grand's use of mark(s) confusingly similar to the Club Venetian Mark is likely to cause confusion, cause mistake, or deceive consumers, prospective consumers, and the public as to whether Venetian Grand's services are endorsed by, sponsored by, or somehow affiliated with Club Venetian or whether Venetian Grand has permission from Club Venetian to use the infringing marks.

49. Upon information and belief, Venetian Grand's actions were undertaken with an intentional, willful, or malicious intent to trade upon the goodwill associated with the Club Venetian Mark.

50. The actions of Venetian Grand constitute trademark infringement under Section 12 of the Michigan Trademarks and Service Marks Act, Mich. Comp. Laws § 429.42.

51. Club Venetian has suffered and will continue to suffer damage to its business reputation and goodwill due to the infringing, false, and misleading activities of Venetian Grand.

52. Upon information and belief, unless enjoined by this Court, Venetian Grand will continue to infringe Club Venetian's rights in the Club Venetian Mark.

WHEREFORE, Club Venetian respectfully requests that this Court enter a judgment in favor of Club Venetian and against Venetian Grand that:

(1) Grants a permanent injunction restraining Venetian Grand, its officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with Venetian Grand, from using, on or in connection with any product or service, or the sale, offering for sale, distribution, advertising, or promotion of any service, or using for any commercial purpose whatsoever: (a) the name Venetian Grand Banquet Hall; (b) the Internet domain name wwwvenetiangrand.com; (c) the Club Venetian Mark, or any other mark confusingly similar thereto; (d) any other designation that is likely to cause injury to Club Venetian's business reputation; or (e) engage in any acts, including the use of any name, mark, term, or domain name, that is likely to cause mistake in the mind of the public or to deceive the public into the belief that Venetian Grand's business and/or services are in any way associated with or related to Club Venetian or its services;

(2) Orders Venetian Grand to account to and pay Club Venetian all profits realized by its wrongful acts and also award Club Venetian its actual damages and its costs of the action in accordance with the Lanham Act, 15 U.S.C. § 1117;

(3) Awards Club Venetian its actual and punitive damages to which it is entitled under applicable federal and state laws;

(4)  Awards Club Venetian its costs, attorneys' fees, and expenses to the full extent provided by applicable federal and state laws;

(5) Awards Club Venetian pre-judgment interest on any monetary award made part of the judgment against Venetian Grand; and,

(6) Awards Club Venetian such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Club Venetian requests a trial by jury in this matter.

Dated:  November 6, 2015                              Respectfully submitted,

                                                      */s/Homayune A. Ghaussi*
                                                      Homayune A. Ghaussi (P63028)
                                                      Katherine L. Pullen (P74511)
                                                      WARNER NORCROSS & JUDD LLP
                                                      2000 Town Center, Suite 2700
                                                      Southfield, Michigan 48075
                                                      Telephone:  (248) 784-5000
                                                      hghaussi@wnj.com
                                                      kpullen@wnj.com
                                                      *Attorneys for Defendants*